**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7862**

ATTILA EURIPIDES COSBY,

Plaintiff – Appellant,

v.

ARLINGTON COUNTY SHERIFF DEPARTMENT, Office (en masse);
DEPUTY GLOVER, Sheriff Deputy (male) at Arlington Cnty.
Det. Facility; SERGEANT LINDSEY, Sheriff Deputy (male) at
Arlington Cnty. Det. Facility; CAPTAIN TERNENT, Sheriff
Deputy (male) at Arlington Cnty. Det. Facility; MAJOR
KIDWELL; ISC HORNE; DEPUTY PEMBERTON; DEPUTY CAMARDIE,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Arenda L. Wright Allen,
District Judge. (2:15-cv-00182-AWA-RJK)

Submitted:  March 29, 2016            Decided:  April 1, 2016

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Attila Euripides Cosby, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Attila Euripides Cosby seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint for failure to state a claim. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on October 2, 2015. The notice of appeal was filed on November 13, 2015.* Because Cosby failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED